Case 3:17-cv-00195-DPM Document 1 Filed 07/31/17 Page 1 of 7

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 31 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE ~~CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS~~
U.S. DISTRICT COURT EASTERN DISTRICT OF ARKANSAS
~~CIVIL DIVISION~~

SHARON IVY,
and as Administratrix of the
ESTATE OF EARL LEE PARKER,
and on Behalf of All Wrongful Death
Beneficiaries of EARL LEE PARKER,
Deceased,                                              PLAINTIFF

3:17-cv-00195 DPM

V.                       NO. CV-2017-293

DAVID D. NUGENT;                                       DEFENDANTS
PROPANE RESOURCES SUPPLY
AND MARKETING, L.L.C.;
PROPANE RESOURCES
TRANSPORTATION, L.L.C;
PROPANE RESOURCES, L.L.C

This case assigned to District Judge  MARSHALL
and to Magistrate Judge  KEARNEY

## NOTICE OF REMOVAL

Come now the Defendants, David D. Nugent, Propane Resources Supply and Marketing, L.L.C., Propane Resources Transportation, L.L.C., and Propane Resources, L.L.C., by and through their attorneys, Womack Phelps Puryear Mayfield & McNeil, P.A., and for their Notice of Removal, state:

## PROCEDURAL HISTORY

1. On or about April 28, 2017, Plaintiff Sharon Ivy, as Administratrix of the Estate of Earl Lee Parker[1], and on Behalf of All Wrongful Death Beneficiaries of Earl Lee Parker, Deceased ("Plaintiff") filed her Class Action Complaint against David D. Nugent, Propane Resources Supply and Marketing, L.L.C., Propane Resources Transportation, L.L.C., and Propane Resources, L.L.C. (collectively, the "Defendants"), Case No. CV-2017-293, in the Circuit Court of Crittenden County,

---

[1] Defendants have not been provided proof of the capacity of the Administratrix to sue in Arkansas.

Arkansas (the "State Action") and issued separate summonses to Defendants. See Plaintiff's Complaint attached hereto as Collective Exhibit A.

2. Plaintiff's Complaint alleges negligence

3. On or about May 8, 2017, the Defendants bearing the name Propane Resources were served via certified mail.

4. On or about May 16, 2017, Separate Defendant David D. Nugent was served. See Exhibit B, Summonses.

5. On or about May 31, 2017, Defendants filed their Answer to the Complaint. See Exhibit C.

6. The remaining pleadings on file with the Circuit Clerk are attached as Exhibit D.

7. On or about July 5, 2017, Defendants received Plaintiff's Responses to Interrogatories and Requests for Production Propounded by Defendants. See Exhibits E. These answers were not filed in the State Action. The pleadings filed and served are contained in Exhibits A through E.

8. Those Answers revealed that, contrary to the allegations in the Complaint, Plaintiff's decedent was, like Plaintiff, a citizen of Arkansas. These Interrogatories Answers and the documents attached constitute an "other paper" from which the time for filing a Notice of Removal is measured. 28 U.S.C. § 1446(b)(3); see, e.g., Lovern v. General Motors Corp., 121 F.3d 160, 161-62 (4th Cir. 1997).

9. This Notice is filed in the United States District Court within the time allowed by law for the removal of a civil action to said Court, pursuant to 28 U.S.C. §1446.

10. Venue is proper in this court pursuant to 28 U.S.C. §1441(a) as the United States District Court for the Eastern District of Arkansas, Jonesboro Division, is the Federal judicial district in which the Circuit Court of Crittenden County, in which this state action was filed, is found.

11. By filing this Notice, Defendants reserve the right to assert any defenses and/or objections to which they may be entitled.

## BASIS FOR REMOVAL

12. Because Plaintiff's was a citizen of Arkansas at all pertinent times, the State Action is removable to this Court based on diversity jurisdiction under 28 U.S.C. §1332, as this is an action between the citizens of different states.

13. Plaintiff, Sharon Ivy, alleges in her Complaint that Earl Lee Parker was a citizen of Tennessee at the time of his death. See Exhibit A, ¶4.

14. Plaintiff's death certificate reflects that he was born in Marion, Arkansas, his original domicile. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). The death certificate and the coroner's report both reflect residency in West Memphis, Arkansas. See Exhibit D. In candor to the Court, counsel discussed the address with the Deputy Coroner, who was uncertain about the source and accuracy of the address information.

15. The Answers to Interrogatories reflect that Plaintiff's Decedent was in certain facilities in Arkansas between March of 1995 until approximately November of 2015. See Exhibit D, Answer to Interrogatory No. 7. Plaintiff's decedent was domiciled in Arkansas during any time he was institutionalized. See Dunlap by Wells v. Buchanan, 567 F. Supp. 1435, 1437 (E.D. Ark. 1983), aff'd 741 F. 2d 165 (8th Cir. 1984). Further, his domicile remained in Arkansas exclusively at times where he was not institutionalized. See Martinez v. Bynum, 461 U.S. 321, 340 (1983);

Williamson v. Osenton, 232 U.S. 619, 624 (1914); Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990).

16. Plaintiff listed a short stint of residency between February 1, 2016 and April 27, 2016 in two Memphis hospitals and a facility. See Exhibit D, Response to Interrogatory No. 12. No residence is listed as of the date of death. This short stint does not establish the intent to remain indefinitely in Tennessee.

17. Defendant Propane Resources, L.L.C., a limited liability company formed in Kansas and having its principal place of business there, is the sole member of both Propane Resources Supply & Marketing, L.L.C. and Propane Resources Transportation, L.L.C. The members of Propane Resources, L.L.C. are individual citizen of Missouri and a limited liability company whose members are individual citizens of Minnesota. Accordingly, the Defendant limited liability companies are citizens of Missouri and Minnesota.

18. Defendant David D. Nugent is a citizen of Tennessee.

19. All Defendants have joined in the Notice of Removal.

20. A copy of this Notice has been filed with the Crittenden County Circuit Court Clerk and provided to all adverse parties in this action, pursuant to 28 U.S.C. §1446(d).

21. Plaintiff's damages claims exceed the amount required for the amount controversy for diversity of citizenship cases.[2] Plaintiff alleges general damages for pain, suffering, and mental anguish, for the economic and intangible value of the life of decedent and special damages from medical expenses and funeral expenses. See ¶¶ 17-19. The *ad damnum* contains a request for

---

[2] By this statement, Defendants do not concede that any damages are owed and reserves all rights to challenge damages further.

punitive damages. Plaintiff did not plead a request for an amount in excess of the amount required for jurisdiction in diversity of citizenship cases. The failure to make this allegation does not deprive the Federal Court of jurisdiction. See Haynes v. Louisville Latter Group, LLC, 341 F. Supp. 2d 1064 (E.D. Ark. 2004).

22.   The verdict amount in wrongful death cases in Arkansas and elsewhere demonstrates that a preponderance of the evidence exists that Plaintiff seeks damages in excess of $75,000.00. See Potts v. Benjamin, 882 F.2d 1320 (8th Cir. 1989) (upholding award of $300,000.00 each to parent and $200,000.00 to each sibling for death of a two-year old child and unspecified amount of punitive damages); Connell v. Steel Haulers, Inc., 455 F.2d 688 (8th Cir. 1972) (affirming verdict that included $111,000.00 in compensatory damages for wrongful death in an accident with a tractor trailer); D.R. Bond Const. Co. v. Foster, 354 Ark. 304, 121 S.W.3d 894 (2003) (affirming award from collision with log truck of $175,000.00 and $267,000.00 in compensatory damages to estates and $120,000.00 and $180,000.00 to the estates); Williams v. First Security Bank of Ark., 293 Ark. 388, 738 S.W.2d 99 (1987) (affirming wrongful death award of $75,000.00 each to husband and children and $10,000.00 to the estate ); Nat'l Byproducts, Inc. v. Searcy House Moving Co., 292 Ark. 491, 731 S.W.2d 194 (1987) (noting satisfied award in accident with tractor trailer truck of compensatory damages of $3,000,000.00 and $1,400,000.00 respectively to estates and $100,000.00 in punitive damages to each estate); Rhodes v. Bernard, 248 Ark. 869, 454 S.W. 2d 318 (1970) (noting an award of $10,000.00 for the benefit of the estate of decedent and $125,000.00 for the benefit of the next-of-kin was not excessive in a negligence action for wrongful death involving a tractor trailer).

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the State Action currently pending in the Circuit Court for Crittenden County, Arkansas is hereby removed to the United States District Court for the Eastern District of Arkansas.

        Respectfully submitted,

        Mark Mayfield (Bar No. 93180)
        WOMACK, PHELPS
        PURYEAR MAYFIELD & McNEIL, P.A.
        Post Office Box 3077
        Jonesboro, Arkansas 72403
        Phone: (870) 932-0900
        Fax: (870) 932-2553
        mmayfield@wpmfirm.com

By: _____
Attorneys for Separate Defendants

## CERTIFICATE OF SERVICE

I certify that service of the above and foregoing pleading was made by mailing a copy of same to the following attorneys of record on this 31st day of July, 2017:

Danyelle Walker
323 Center Street, Suite 1020
Little Rock, AR 72201

Harry M. Daniels
309 Bankhead Hwy
Carrollton, GA 30117

Charles H. Cauble
13A Jackson St.
Newnan, GA 30263

John W. Howe
309 Bankhead Hwy
Carrollton, GA 30117

_____
Mark Mayfield