IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SHARON IVY, Administratrix
of the Estate of Earl Lee Parker
and on behalf of all wrongful
death beneficiaries of Earl Lee
Parker, Deceased                                            PLAINTIFF

v.                          No. 3:17-cv-195-DPM

DAVID D. NUGENT; PROPANE
RESOURCES SUPPLY AND
MARKETING LLC; PROPANE
RESOURCES TRANSPORTATION
LLC; and PROPANE
RESOURCES LLC                                              DEFENDANTS

## ORDER

1.  Was Earl Lee Parker a citizen of Arkansas or Tennessee? The answer determines whether this Court has subject matter jurisdiction in this removed case. *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014). As he was walking south on the inside shoulder of Interstate 55's northbound lane near West Memphis, Arkansas in the middle of the night on the last day of April 2016, Parker was hit and killed by a tractor-trailer. The driver was David Nugent, a Tennessean. The big truck was owned and operated by the Propane Resources entities, who are citizens of Missouri and Minnesota. Parker's estate filed this case in the Circuit Court of Crittenden County, Arkansas

alleging negligence in the accident. The estate also said that Parker was domiciled in Tennessee when he died. Nugent and the Propane Resources entities removed, saying that Parker was actually an Arkansawyer, thus making the parties completely diverse. 28 U.S.C. §§ 1332(a)(1) & (c)(2). The estate has moved to remand. Nugent and the Propane Resources entities sought some jurisdictional discovery. This was done. The parties' supplemental papers are now in.

2. The sad circumstances of Parker's death ended a troubled life. Parker was born and raised in Crittenden County, Arkansas. He dropped out of high school in the eleventh grade, joined the Marine Corps, and was discharged for violent behavior. He was a polysubstance abuser. He had paranoid schizophrenia and health problems, including diabetes. Most of his adult life was spent under civil commitment at the State Hospital and other facilities in Little Rock through the Act 911 Program. ARK. CODE ANN. § 5-2-310(a). Parker left Little Rock in March 2015. He spent the next ten months at different facilities in Arkansas before being hospitalized in Memphis, Tennessee in January 2016. He was released from the hospital to the Peabody Center, a supervised group home in Memphis, where he lived until he died. He was in Tennessee about three months.

3. Citizenship isn't the same as residency. It requires a physical presence and an intent to stay. *Janzen v. Goos*, 302 F.2d 421, 425 (8th Cir. 1962). But Parker's intent is difficult to discern. He expressed

different intentions at different times. Although he talked about moving to Kansas City, he never made it there. Instead, he spent most of his life in Arkansas—where his family was—and the last bit in Tennessee. As the removing parties, Nugent and the Propane Resources entities have the burden of proof on jurisdiction. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). They argue that, because Parker had always been an Arkansas citizen, a few months at the end of his life wasn't enough to change his domicile. They say his time in Tennessee didn't reflect any intention to remain there. *Hargett v. Revclaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017). Parker was a long-time Arkansawyer; and his domicile remained the same unless or until it changed. *Janzen*, 302 F.2d at 425. A change can be instantaneous, though, if the presence and intent elements are shown. *Holmes v. Sopuch*, 639 F.2d 431, 433 (8th Cir. 1981)(*per curiam*).

**4.** The preponderance of the material evidence reveals that Parker was a citizen of Tennessee when he died. First, he lived there. That shows a physical presence. Second, he chose to live there at the Peabody Center, a permanent group home. № *11-2 at 2–8*. Eight people live at this long-term treatment and living facility. The Peabody Center is not a short-term facility like a hospital. Third, Parker's social security benefits were directed to the Center's director as Parker's representative payee. № *11-2 at 10–19*. This shows another degree of permanence—an expectancy by Parker, the Peabody Center, and the

-3-

Social Security Administration that he would be there month after month. Last, Parker had a post office box in Memphis. № *11-2 at 9*. That's a link to the city beyond the Peabody Center. An acquaintance could have reached Parker in Tennessee by either mail or personal visit. Read together, all these facts show his physical presence there, and an intent to stay, at least until he decided to relocate again.

5. The record is admittedly murky. Nugent and the Propane Resources entities are right that the probate court's finding, the death certificate, and the testimony aren't solid. The medical evidence also conflicts with itself too often to be persuasive. № *26-1 & № 26-3 at 5, 13*. Still, several things are clear: Parker lived in Arkansas for most of his life, moved to Tennessee before he died, and talked about going to Kansas City. That last part is important; once at the Peabody Center, Parker didn't express a desire to move back to Arkansas. His aspirations were about Kansas City, while his days were about Memphis. № *26-1 at 4-5*. Even though it's undisputed that he spent most of his life in Arkansas, he wasn't living there when he died. At that point, Parker had neither a physical presence, nor an obvious intent to stay, in Arkansas. These facts—coupled with the evidence favoring Tennessee—overcome his significant historical ties to Arkansas. Parker's domicile changed during the months before his death.

\* \* \*

Motion, № 11, granted. Parker and Nugent are both citizens of Tennessee. Complete diversity is lacking. The case is therefore remanded to the Circuit Court of Crittenden County, Arkansas. 28 U.S.C. § 1447(c).

So Ordered.

*W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

26 February 2018